•Johnson, C. J. It is contended by the appellant that the replications of the appellee, to his two pleas of tender are wholly insufficient in law. He filed a demurrer to each replication and has consequently brought the question of their legal sufficiency directly before this court. It is insisted that every fact contained in the replications is admitted by the demurrers. It does not necessarily follow that every thing that a party may insert in a replication is admitted to be true by a demurrer. A demurrer only admits those facts to be true which are well pleaded. We will now test the replications under consideration by this rule, and endeavor to ascertain what it is that stands admitted by the demurrer. The declaration avers a promise on the part of the defendant below to pay to the plaintiff the sum of six hundred dollars in current bank notes; to this declaration the defendant pleaded two several pleas of tender, the one before, and the other at the day fixed for payment; to each of which the plaintiff replied that he did not tender the sum specified in current bank notes, and further that he did tender the said sum in Arkansas Bank notes, which were at a discount of titty per cent; and to each of these replications the defendant filed his demurrer. It seems to have been assumed, by some of the counsel at least, that every fact set up in the replication stands admitted by the demurrer, and that consequently the question of the legal signification of the terms used in the obligation is legitimately raised. We will now proceed to an analysis of the replications and see whether they contain a direct denial of the defence set up in the pleas, or confess and avoid it. The replications are substantially the same, and are only varied to' meet the different dates referred to in the pleas. The plaintiff by way of replication averred that the defendant did not tender to him the sum of six hundred dollars in current bank notes, but that the tender pretended to.be made was in notes of the State and Real Estate Bank of the State of Arkansas, which were not current but uncurrent, and at a discount of fifty per cent on the dollar, and that he refused it on account of its depreciation. This is not the exact language, but it is believed to be the substance of the replications. The office of a replication is either to traverse the allegations in the plea or to admit and avoid them by the introduction of new matter. Do the replications in this case deny the defence set up in the pleas, or do they admit and avoid it ? We think it will not be controverted but that the first branch, if left alone, and unin-cumbered, would amount to a direct denial of the allegations in the plea, and that consequently it would not be demurrable. And this brings us to consider what effect the additional matter will have upon it. It is difficult to conceive what object the plaintiff had in view in going on to set up an insufficient tender after having broadly denied any tender whatever. It was certainly very unnecessary, after having denied in general terms that the defendant had made the tender, to have proceeded to show wherein the insufficiency of the tender consisted. If that part of the replications which follow the general traverse, amounts to any thing, it is a denial of the plea, and that too by way of argument. If this be the effect of it, and it most unquestionably cannot amount to more, then it is a mere repetition of the same thing, and the whole taken together would present but one single issue. The replications being complete by containing a general traverse of the pleas, all that matter which follows, is -mere surplusage, and consequently may be rejected. It is a well settled rule in pleading that, where a plea contains a sufficiency of useful matter, it shall not be vitiated by that which is wholly useless. Upon this principle we consider the replications in this case clearly and fully sufficient in law. But it is objected that they conclude with a verification when they ought to conclude to the country. This objection is untenable according to the decision of this court in the case of The State use of Gibson vs. Sadler et al. 1 English’s R. 235. It was there held that a plea of mil tiel record concluding to the country instead of a verification and prayer of judgment, is good on general demurrer, the conclusion of the plea being matter of form and not of substance. The same principle is involved in this case, and consequently the same answer may be given to the objection. The next step in the progress of this case brings us to the points reserved upon the trial before the jury, which had been summoned to determine upon the quantum, of damages. During the progress of the trial the plaintiff below asked a witness to state to the jury w'hat amount of damages, he believed, he had sustained by reason of the non-payment of the current bank notes in the covenant specified, which question was objected to by the defendant, and which objection was sustained by the court. The court was manifestly right in thus sustaining the objection. It was certainly not competent for the witness to give any opinion of his as to the amount of damages which the plaintiff had sustained. It is conceded that the damages were unliquidated and that proof was requisite to. enable the jury to determine the amount of damages to which the plaintiff was entitled; and it is equally true that the witness could testify as to the value of current bank notes in money; yet he could not substitute his judgment for that of the jury in summing up the whole so as to determine and ascertain the quantum of damages to which the plaintiff was entitled. It is the peculiar province of the jury to assess the damages, and this they are enabled to do by the aid of the testimony of the witnesses. To receive the opinions of witnesses as to the quantum of damages would be to substitute their judgment for that of the jury, which the law would not tolerate. The plaintiff then excepted to sundry instructions given by the court. We do not consider it important to decide whether those instructions were correct or not as he has since abandoned the ground then taken by coming into this court and admitting that there is no error in the judgment and proceedings of the court below. The defendant below, then, upon cross-examination of one of the plaintiff’s witnesses, asked him to state to the jury what kind of bank notes were in common circulation in the county of Washington and State of Arkansas at the time the writing sued upon fell due, and also, what was the value of the banknotes usually or most commonly in circulation at that time? The plaintiff objected to both questions which objection was sustained by the court, The question presented here is, whether the defendant was at liberty to show, in mitigation of damages, what kind of bank paper was then in circulation, and also the value of such paper. It will be conceded that it was his right to show any thing in mitigation of damages, which would be admissible under the terms of the contract. The contract is for six hundred dollars in current bank notes. It is wholly immaterial what kind of bank paper was then in common circulation or what was the value of such paper, in case it did not fall under the denomination of current bank notes. We have now reached the point where it becomes necessary to give a legal construction to the terms used in the instrument upon which this suit is founded, and to determine the extent of the defendant’s liability under it. It does not follow that the value of such bank notes as were then in common circulation in the country, furnishes the true criterion by which to ascertain the value of current bank paper. Current bank notes are such as are convertible into specie at the counter where they were issued and pass at par in the ordinary transactions of the country. The terms current bank paper has a definite and legal signification. It certainly does not mean notes at a discount of fifty per cent and such as are bought and sold as merchandize; but that which passes from hand to hand as money. “ Current notes” mean notes considered as cash. Leiber et al. vs. Goodrich, 5 Cow. 187. We have now traveled over the whole record and find no error in it. Judgment affirmed.